Aircraft Corporation. I'll start by addressing my comments to the questions that have come from the Court with regard to the issue of subject matter jurisdiction. I believe the fact that the Court may ultimately have determined that it lacks subject matter jurisdiction did not prevent the Court from making the preliminary determination with regard to jurisdiction. It did make the determination with regard to jurisdiction. And never issued a final order with respect to anything because it remanded the case. I would submit that the order of dismissal was a final order. No, it wasn't because you didn't get a 54B determination. I'm sorry? Because there was a 54B determination, so it could not have been appealed at that time but for some final termination of the case. That much is true, right? I'm counting through that in my head, if I may, Your Honor, just a moment. If you dismiss one party, that party doesn't get to it. You don't get an appeal. I understand. I understand. No piecemeal appeals. I'm sorry? Yes, I understand. No piecemeal appeals. Except in certain circumstances. When the appeal was filed, it was premature. Okay. And then what finally happened was not an appealable order either. So where's the appealable order? Perhaps the ---- There just isn't one. That's all. Well, when the case was remanded as to the remaining ---- I think I would argue it the following manner, Your Honor. The case consisted of a claim against Twin Commander and against all of the other defendants. As against Twin Commander, the case was fully disposed of, not by an appealable order, but fully disposed of when the order of dismissal was entered. When the order for remand was entered, there were no other remaining portions of the case, and therefore that portion of the case disposing of the case with regard to Twin Commander became at that moment appealable. That's one possibility. The other possibility is it just went back like the rest of the case. I would submit, Your Honor, that where you have a decision of the district court made at a time when the court had competent jurisdiction ---- It didn't have jurisdiction, period. It didn't have subject matter jurisdiction. Rurgas, of course, is a unique case. In Rurgas, either way the court decided that the case was gone. In this case that wasn't true, was it? The case wouldn't be gone by deciding it. The case was gone as against Twin Commander, the entirety of the case was gone. The court still had to decide whether it had subject matter jurisdiction. Correct? As to the other parties, yes. Well, if it didn't have it as them, it wasn't going to have it as your folks. It had to decide it. It had to decide whether it had subject matter jurisdiction over the case. Correct? Because the other defendants remained in the case, yes, that's correct, Your Honor. So it had to make that decision. It wasn't ---- it wasn't accomplishing anything in terms of saving time or trouble or difficulty by deciding yours first. It was going to have to decide subject matter jurisdiction anyway. But that neither here nor there. The point is it decides I don't have ---- I didn't and don't have subject matter jurisdiction. Why shouldn't ---- why doesn't that make this moot? Well, let's consider the Rurgas case, for example, Your Honor. If the court of appeal had decided in Rurgas that the district court didn't have subject matter jurisdiction, would it then have any basis for reviewing a decision on personal jurisdiction? I think if the court believed that subject matter jurisdiction could not be found in the case, then it should ---- it should have sent the case back. I think the fair view of the case, of any case, is that a court does have power to decide issues of jurisdiction while the issue of subject matter jurisdiction is pending. There is value to the case and to judicial economy by allowing that decision with regard to twin commander. If the court has power to make ---- to make summary judgment decisions, too, while it's pending, and courts do it, and they issue judgments, and they do all kinds of things and make all kinds of substantive decisions in cases, but if they later decide they didn't have subject matter jurisdiction, what we do is we wipe all that out. I think the issue of personal jurisdiction ought to be treated differently because it is as preliminary as the subject matter jurisdiction issue, and it is exceedingly important to the party that's making the motion. Well, that must be the assumption of Roorkeeff, because if Roorkeeff thought that the subject matter jurisdiction issue would trumpet as usual, they would have gone into the subject matter jurisdiction issue themselves and then said, well, we don't have to decide the preliminary ---- the personal jurisdiction question because there was never any subject matter jurisdiction. But I think what Judge Fernandez is saying here is that as a discretionary matter, there was no ---- there was no saving because he had to decide the subject matter jurisdiction question anyway and did. And what I was attempting to say a moment ago, and I'll try and finish now, I believe there is an economy, not necessarily to the whole case. It doesn't necessarily relieve the judge of deciding the full issue, but very important to one of the parties is getting a quick and prompt decision of its personal jurisdiction issue. The issue was properly presented, properly decided, and should have ---- it should get the benefit of that decision. It should not have to abide a later decision because more complicated issues await. This is ---- Let me ask you something. I'm sorry. I want to ask what the practical consequences are regarding whether we vacate or don't vacate the order, depending on how we were to decide the case. If you were to go back to California State court with this order in place but not embodied in the final judgment and we were to make clear that it wasn't embodied in the final judgment, would it make any difference in how the California courts dealt with it? The decision is appealable in California under California law. As you saw, I believe the appellant submitted to you a request for judicial notice of the decision with regard to ---- But aside from being appealable, would it be even binding in the trial court if all you had was an order that was never embodied in any final judgment? In California, the order is in essence the final judgment. As soon as the case is remanded, there is on the books of the case an order of dismissal. That order of dismissal is a final and appealable order with regard to jurisdiction with regard to my party. Your argument is if it went back to California, it would be considered an operative order in the case unless it were vacated. Yes. And as a consequence, if you ---- the court here were to do what you're considering doing, what that means is we go back to the California court of appeal and rebrief the issue and argue again before the California court of appeal. And I'm not sure judicial economy is at all served by pursuing that course. And I submit it's not a reasonable course with regard to my party. I think judicial economy was well served by the judge deciding as he did. Admittedly, it could have gone the other way. With regard to Arrow Air, it did go the other way. But Arrow Air was a different case. In Arrow Air, there was a showing of controverted facts which made the jurisdictional issue a more difficult issue. Here, this is a unique case in which the subject matter jurisdictional issue was an issue of State law. The personal jurisdiction issue was, in essence, an issue of Federal law because California grants jurisdiction as broad as the Constitution. So the ---- I'm assuming that the district court, as far as I can tell from the record, nobody said to the district court, hey, there's a subject matter jurisdiction problem except for the fact there was a filing. I don't recall it having been mentioned in the papers, and I do not recall whether it was mentioned at oral argument. I believe it may have been, but I ---- Well, we don't know anything about that because there's no transcript of the oral argument. That you should talk to the appellant about. So I'm assuming that the court was not even aware at that point that you had a subject matter jurisdiction problem in front of us. We have nothing that indicates it did. I think, absent a transcript, you have to assume that the trial court was aware of everything unless there is a transcript to show that they were not aware of it. I think it is fair to infer that the court was aware of it under the circumstances. There was a filing before the court. The appellant would reasonably have mentioned that during its attempt to get to avoid getting this issue decided by the court at that point in time. It's not very fair to assume it because when the court ---- He did later make the subject matter jurisdiction determination and had other pending personal jurisdiction motions. He didn't decide them. I'm sorry. Later, when he did have a subject matter determination question and had several pending personal jurisdiction motions before him, he did not decide them, saying there was no reason to decide them. So he seemed to have no preference for deciding these issues. So it's a pretty good guess that he didn't realize he was doing it the first time. I would submit that that's not a fair inference. The reason he decided our motion is it was before him. It was briefed. It was ready to go. The other motions weren't heard for another month because the other parties engaged  wanted a decision of this issue so that it could get out of a case in which it did not belong. The court decided that we should get out of the case. We did not belong in the case. It dismissed us. And I submit that that was a proper exercise of discussion of its discretion whether or not it had subject matter jurisdiction. And the fact that I argued previously, I think, proves the point. When this case ---- If this case ---- If this portion of the case had gone back to California, we would have gone back with the district court's order in place, an order of dismissal. That doesn't get undone just because the case goes back to California. And I don't think there's any authority that suggests that it gets undone because it is a proper exercise of the court's power pending a determination on an issue of subject matter jurisdiction to decide issues of personal jurisdiction. Thank you. Thank you very much. All right. Any rebuttal? I would only note, Your Honor, that it would be an extraordinary situation where a State court of appeal was reviewing an order of the United States district court on such a matter because the standards, the standards for granting such an order are not the same in State and Federal court. This court has a de novo review of the order of dismissal, whereas there's an abuse of discretion standard in front of the State court. So it presents an extraordinary situation, unprecedented so far as I'm aware. Do you agree that as a general matter, if there's an order in the district court before it goes back, that the order is binding and operative when it gets back to the State court? Excuse me, Your Honor? As a general matter, do you agree that if there is an order in the district court before it is remanded, that that order is binding in the district court? State court, I'm sorry. Is that right or wrong? Well, I would agree. As a general rule, I don't know whether the general rules apply to this situation. Well, if it's a general rule, then there must be some way of appealing those orders in general, no? I'm afraid I'm unable to enlighten the Court on this. But it seems to me that the appropriate, in order to avoid these problems, the appropriate method is indeed to vacate the order or to have the district court vacate the order in light of its subsequent finding of no subject matter jurisdiction and to allow the State court as an initial matter to consider this issue. Thank you. Thank you.
judges: Pregerson, Fernandez, Berzon